1 Arasto Farsad, ESQ. (SBN 273118)
Nancy Weng, ESQ. (SBN 251215)
2 **FARSAD LAW OFFICE, P.C.**
3 1625 The Alameda, Suite 525
San Jose, California 95126
4 Telephone Number: (408) 641-9966
Facsimile Number: (408) 866-7334
5 Email Addresses: farsadlaw1@gmail.com;
6 nancy@farsadlaw.com

7 Attorneys for Plaintiffs/Debtors
JOHN HST YAP and
8 IRENE LAIWAH LOKE

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISON**

| | |
|---|---|
| In re:<br><br>JOHN HST YAP and<br>IRENE LAIWAH LOKE,<br><br>          Debtors.<br>_____<br>JOHN HST YAP and<br>IRENE LAIWAH LOKE,<br><br>          Plaintiffs.<br><br>v.<br><br>PNC FINANCIAL SERVICES GROUP, INC., DREAMBUILDER INVESTMENTS, LLC,<br><br>          Defendants. | Case No. 2020-90210<br>Chapter 11<br><br>Adversary Proceeding No. _____<br><br>**PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)**<br><br>**Chief Judge: Hon. Ronald H. Sargis**<br><br>**Subject Property address:**<br>1006 Lovell Avenue,<br>Campbell, CA 95008<br>(APN: 406-07-019)<br><br>Junior (2nd) Lienholder / Servicer: PNC FINANCIAL SERVICES GROUP, INC. / DREAMBUILDER INVESTMENTS, LLC<br><br>Secured Lienholder: PERSOLVE, LLC |

      Come Now Plaintiffs / Debtors JOHN HST YAP and IRENE LAIWAH LOKE ("Debtors"), in filing the instant adversary complaint against Defendants PNC FINANCIAL SERVICES GROUP, INC.

- 1 -

PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND
EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)

("PNC"), DREAMBUILDER INVESTMENTS, LLC ("Dreambuilder") to Determine Value and Extent of Lien (No Monetary Recovery Sought). In support of the instant Complaint, Debtors hereby allege as follows:

## I - INTRODUCTION

1. Debtors filed the instant Chapter 11 petition on <u>March 17, 2020</u> and confirmed their Chapter 11 Plan on <u>June 24, 2021</u>.

2. In the original filing of Schedule A, the Debtors listed an interest in the real property located at 1106 Lovell Avenue, Campbell, CA 95008 ("Property") with a valuation of $900,000.00. (See a true and conformed copy attached as **Exhibit A.**)

3. In the original filing of Schedule D, the Debtors listed 2 liens against the property by the following creditors: National City Bank c/o PNC Bank and 2) Shellpoint Mortgage Servicing. Subsequent to the initial filing, Debtors learned of a judicial lien for a third creditor with a judicial claim against the Property-Persolve, LLC ("Persolve").

4. On April 9, 2020, under Docket No. #33, Debtors filed a Motion to Value Collateral regarding the real property located at 1106 Lovell Avenue, Campbell, CA 95008 ("Property").

5. On November 2, 2020, under Docket No. 139, the Court entered an Order granting a stipulation between the Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-OH2, Mortgage Pass-Through Certificates, Series 2007-OH2, ("BNY") the first lienholder on the Property, and the Debtors. BNY and the Debtors stipulated the value of the Property to be $900,000.00.

6. The consequence of said stipulation was to set the status of PNC / Dreambuilder's secondary lienholder claim and Persolve's judicial lien on the Property as totally "unsecured".

7. On or about December 7, 2021, however, Debtors received correspondence from Persolve indicating that Persolve had filed an Acknowledgment of Satisfaction of Judgment ("SOJ") (See a true and conformed copy attached as **Exhibit B**)

8. With the receipt of this SOJ from Persolve, the Debtors are confident that it will be recorded in the Santa Clara County Recorder's Office. Therefore, Debtors are no longer seeking to affirm

the status of Persolve's lien as "unsecured" with respect to the valuation of their Property.

9. Plaintiffs now file the instant Adversary Complaint in order to obtain a final judgment voiding lien from the Court determining that the deed of trust recorded by their former junior deed of trust holder, PNC / Dreambuilder to be unsecured and treated as an unsecured claim that was discharged in their confirmed Chapter 11 case. Further, that this Second Deed of Trust has no further force and effect as a secured lien against the Debtors' Property. (As well as the other relief stated below in the Plaintiffs' prayer for relief.)

## II - PARTIES

10. Plaintiffs, JOHN HST YAP and IRENE LAIWAH LOKE, are both individuals residing in the State of California.

11. Defendant PNC FINANCIAL SERVICES GROUP, INC. ("PNC") is an American bank holding company and financial services corporation based in Pittsburg, Pennsylvania. The Debtors' second deed of trust in the amount of $154,950.00 was originated with National City Bank on May 7, 2007. In 2008, PNC acquired National City Bank. As of 2009, National City Bank was merged with PNC Bank National Association – a wholly-owned indirect subsidiary of Defendant PNC. The corporate / principal office of PNC is at The Tower, PNC Plaza, 300 5th Avenue, Pittsburgh, PA 15222.

12. Defendant DREAMBUILDER INVESTMENT, LLC ("Dreambuilder") is a private mortgage investment company based in the State of New York. Dreambuilder claims to have bought out and holds current ownership of the Debtors' second deed of trust against the Property. The mailing address listed on the website of Dreambuilder (http://dreambuilder.net) is at 228 Park Avenue, #51100, New York, NY 10003.

13. The title report pulled by the Debtors does not show any actual assignment from original lender National City Bank, its successor PNC Bank National Association, or Defendant PNC to Defendant Dreambuilder.

14. Defendants are accordingly the correct "real parties in interest" for purposes of the instant Complaint.

## III - JURISDICTION AND VENUE

PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND
EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334.

16. This adversary proceeding relates to the Chapter 11 bankruptcy petition of Debtors, JOHN HST YAP and IRENE LAIWAH LOKE filed on <u>March 17, 2020</u>, Case No.: 2020-90210, filed in the U.S. Bankruptcy Court for the Eastern District of California, Modesto Division.

17. This matter is a core proceeding pursuant to 28 U.S.C. §157.

18. Venue is proper in the Eastern District of California according to 28 U.S.C. § 1409.

## IV - <u>PERTINENT HISTORY AND LAW</u>

19. Plaintiffs have owned the real property located at 1006 Lovell Avenue, Campbell, CA 95008 since October 1985.

20. Debtors listed the Property in their Schedule A and listed two secured creditors that they were aware of at the time of the filing-Shellpoint Mortgage Servicing and National City Bank. Debtors subsequently learned of a judicial lien on the Property by Persolve, LLC.

21. As noted above, the Debtors filed a Motion to Value Collateral on April 9, 2020 under Docket No. 33.

22. Of significance, and also noted above, on November 2, 2020 under Docket No. 139, the Court granted a stipulation between BNY and the Debtors that established the value of the Property to be $900,000.00 with the consequence that the claims of PNC / Dreambuilders and Persolve to be totally unsecured.

23. On February 17, 2021, Debtors filed their first Chapter 11 Plan and Disclosure Statement ("Plan").

24. Debtors subsequently filed two amended versions of the Plan. In all three-and in line with the November 2, 2020 Court's order granting the stipulation between BNY and the Debtors-the Plan listed the claims of PNC / Dreambuilder and Persolve to be Class 2 claims with a 3% payout to Class 2 claimants. (See a true and conformed copy of the confirmed Plan as **Exhibit C**)

25. On June 24, 2021, the Plan was confirmed. (See a true and conformed copy attached as **Exhibit**

**D)**

26. Post-confirmation, Debtors have been diligently making payments to their secured and unsecured creditors. In July, 2021, Debtors have made a full payment of the claim amount due PNC / Dreambuilder.

27. Debtors have also made full payment to Persolve. (See a true and conformed copy of the check as well as Debtors' bank statement evidencing the processing of Persolve's check as **Exhibit E**)

28. Debtors now ask for the Court's assistance in granting a Judgment Voiding the lien of PNC / Dreambuilder to allow them to apply for a Final Decree and Discharge to which they are entitled.

## VI - PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

a. That the Court issue an Order finding the Second Deed of trust with PNC Financial Services Group, Inc. / Dreambuilder Investments, LLC be deemed wholly unsecured and treated as an unsecured claim that was discharged in the Debtors' completed Chapter 11 Case;

b. That the Court issue an Order finding the Second Deed of Trust with PNC Financial Services Group, Inc. / Dreambuilder Investments, LLC have no further force and effect as a secure lien against the Debtors' Property;

c. That pursuant to Cal. Civ. Code Section 2941 (b)(2), seventy-five days having passed, purported successor lender(s) PNC or Dreambuilder having failed to execute, record, or cause to be recorded, the full reconveyance thereby authorizes this Court, pursuant to Section 2934(a) to execute and acknowledge a substitution of trustee and issuance of full reconveyance, thereby authorizing a title insurance company to prepare and record a release of the obligation;

d. For any further relief that the Court deems proper.

RESPECTFULLY SUBMITTED,

- 5 -
PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND
EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)

| | |
|---|---|
| 1 | |
| 2 | FARSAD LAW OFFICE, P.C.<br>Dated: December 10, 2021 |
| 3 | |
| 4 | /s/ *Arasto Farsad*<br>Arasto Farsad, Esq.<br>Attorneys for Debtors / Plaintiffs |

- 6 -
PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND
EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)