ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Email addresses: nancy@farsadlaw.com;
farsadlaw1@gmail.com

Attorneys for Debtors / debtors in possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## MODESTO DIVISION

| | |
|---|---|
| In re:<br><br>JOHN HST YAP and<br>IRENE LAIWAH LOKE,<br><br>        Debtors.<br><br>_____<br><br>JOHN HST YAP and<br>IRENE LAIWAH LOKE,<br><br>        Plaintiffs.<br><br>v.<br><br>PNC FINANCIAL SERVICES GROUP,<br>INC., DREAMBUILDER INVESTMENTS,<br>LLC,<br><br>        Defendants. | Case No.: 2020-90210<br>Chapter 11<br><br>Adversary Proceeding No. _____<br><br>**EXHIBITS A-E IN SUPPORT OF PLAINTIFFS' COMPLAINT TO DETERMINE VALUE AND EXTENT OF LIEN (NO MONETARY RECOVERY SOUGHT)**<br><br>**Chief Judge: Hon. Ronald H. Sargis**<br><br>**Subject Property Address:** 21006 Lovell Avenue,<br>Campbell, CA 95008<br>(APN: 406-07-019)<br><br>**2nd DOT holder:** Junior (2nd) Lienholder / Servicer: PNC FINANCIAL SERVICES GROUP, INC. / DREAMBUILDER INVESTMENTS, LLC<br><br>Secured Lienholder: PERSOLVE, LLC |

EXHIBIT A

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **John Hst Yap** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Irene Laiwah Loke** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA | | |
| Case number | **2020-90210** | | |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☒ Yes.  Where is the property?

---

**1.1**

**7400 Chantilly Way**
Street address, if available, or other description

**Hughson**     **CA**     **95326-0000**
City           State        ZIP Code

**Stanislaus**
County

**What is the property?** Check all that apply

☒ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Valuation per Regina Zabarte, Realtor (DRE #01324418) on March 17, 2020**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$500,000.00** | **$500,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☒ **Check if this is community property** (see instructions)

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

Debtor 1   **John Hst Yap**
Debtor 2   **Irene Laiwah Loke**

Case number *(if known)*  **2020-90210**

---

**1.2**

**If you own or have more than one, list here:**

**1006 Lovell Ave.**
Street address, if available, or other description

**Campbell**   **CA**   **95008-0000**
City    State   ZIP Code

**Santa Clara**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ■ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Valuation per Regina Zabarte, Realtor (DRE #01324418) on March 17, 2020**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$900,000.00** | **$900,000.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

- ■ **Check if this is community property**
  (see instructions)

---

**1.3**

**If you own or have more than one, list here:**

**2412 6th Street**
Street address, if available, or other description

**Hughson**   **CA**   **95326-0000**
City    State   ZIP Code

**Stanislaus**
County

**What is the property?** Check all that apply

- ■ Single-family home
- ☐ Duplex or multi-unit building
- ☐ Condominium or cooperative
- ☐ Manufactured or mobile home
- ☐ Land
- ☐ Investment property
- ☐ Timeshare
- ☐ Other _____

**Who has an interest in the property?** Check one

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ■ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Valuation per Regina Zabarte, Realtor (DRE #01324418) on March 17, 2020**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$301,324.00** | **$301,324.00** |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

- ■ **Check if this is community property**
  (see instructions)

---

EXHIBIT B

# PERSOLVE LEGAL GROUP, LLP

**9301 Corbin Avenue, Suite 1600, Northridge, CA 91324**                    **Tel: 866-438-1259; Fax: 818-534-3140**

C1200657

November 9, 2021

IRENE L WAH
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

    Re: **PERSOLVE, LLC vs. IRENE L WAH**
        **CASE NO. 674318**

Dear Mr./Ms. JONATHAN MATHEWS:

    Please be advised that we have filed a Full Satisfaction of Judgment with the Court. Enclosed herein is one Acknowledgment of Full Satisfaction of Judgment. This form should be filed with the County Recorder as indicated at number six of the form.

                Very truly yours,

                PERSOLVE, LLC
                ACCOUNT RESOLUTION ASSOCIATES

                Legal Counsel

/em
Enclosures



EJ-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):* | FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:

Teresa Straley/SBN 248299;Luis Duenas/SBN 271873

PERSOLVE, LLC
9301 Corbin Ave Ste 1600, Northridge, CA 91324
TEL NO.: 818-534-3100          FAX NO. *(optional)*: 818-534-3140
E-MAIL ADDRESS *(Optional)*: ConformedCopy@persolve.com
[✓] ATTORNEY FOR   [✓] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: 801 10TH ST
MAILING ADDRESS:
CITY AND ZIP CODE: MODESTO, CA 95354
BRANCH NAME: MAIN COURTHOUSE

PLAINTIFF: Persolve, LLC, a limited liability company, DBA, Account Resolution Associates
DEFENDANT: IRENE L WAH et al.

**FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY**

CASE NUMBER:
674318

| ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT | FOR COURT USE ONLY |
|---|---|

## ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
[✓] FULL          [ ] PARTIAL          [ ] MATURED INSTALLMENT

1. Satisfaction of the judgment is acknowledged as follows:
   a. [✓] Full satisfaction
      (1) [✓] Judgment is satisfied in full.
      (2) [ ] The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment.
   b. [ ] Partial satisfaction
      The amount received in partial satisfaction of the judgment is   $
   c. [ ] Matured installment
      All matured installments under the installment judgment have been satisfied as of *(date):*

2. Full name and address of judgment creditor:*
   Persolve, LLC, a limited liability company, dba, ACCOUNT RESOLUTION ASSOCIATES
   9301 Corbin Ave Ste 1600, Northridge, CA 91324

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   Irene L Wah aka Irene L Loke aka Irene Yap aka Irene Wah Loke, an individual
   7400 CHANTILLY WAY, HUGHSON CA 95326-9155

5. a. Judgment entered on *(date):* October 29, 2013
   b. [ ] Renewal entered on *(date):*

6. [✓] An [✓] abstract of judgment [ ] certified copy of the judgment has been recorded as follows *(complete all information for each county where recorded)*

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|---|---|---|
| SANTA CLARA | December 31, 2014 | 22818477 |

7. [ ] A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify):*

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date: 11.9.21          ▶ _____
                          *(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY**)*

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. July 1, 2014]

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

Page 1 of 1
Code of Civil Procedure, §§ 724.060, 724.120, 724.250

CEB Essential Forms
ceb.com

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On _____ November 22, 2021 _____ before me, ___ Elizabeth McCarley, Notary Public _____
                                                              (insert name and title of the officer)

personally appeared ____ Luis Duenas _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> ELIZABETH MCCARLEY
> Notary Public - California
> Los Angeles County
> Commission # 2322387
> My Comm. Expires Mar 26, 2024

Signature _____          (Seal)

EXHIBIT C

**United States Bankruptcy Court**
**Eastern District of California**

In re:

                                      Case No. 20-90210
                                      Chapter 11

John Hst Yap
Irene Laiwah Loke,                    **Hon. Judge Ronald H. Sargis**

Debtors.
_____/

### PROPOSED AMENDED COMBINED PLAN OF REORGANIZATION

### AND DISCLOSURE STATEMENT DATED APRIL 15, 2021

**INTRODUCTION**

      This is Debtors'[1] Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

      Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: a prorata portion of **$68,651.20**, likely to result in a **5%** recovery of allowed claims in monthly payments over **120 months**. Taxes and other priority claims would be paid in full, as shown in Part 3.

      Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

      Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required

---

[1] Although this is a joint filing, with two Debtors or one Debtor and one Co-Debtor, the subject Combined Plan & Disclosure Statement refers to both of them as "Debtor".

Individual Chapter 11                  1
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 2) | 1032 Deena Way, Fallon, NV 89406 |

Upon entry of the Order Confirming Debtors' Plan, the Deena Way property shall be deemed surrendered to the Class 1A Secured Creditor, and no longer property of the Debtors' estate. . In addition, the Automatic Stay of 11 U.S.C. Section 362(a) shall be terminated upon of entry of an order Confirming Debtors' Plan, or upon entry of the Order on the Class 1A Secured Creditor's 4001(d) Motion to Approve Stipulation Re: Termination of the Automatic Stay and Points and Authorities in Support Thereof at Case Docket Number 188, whichever occurs first, such that the Class 1A Secured Creditor shall be permitted to enforces its rights as to the Deena Way property under the loan documents and applicable state law without further notice, order or proceeding of the Court The confirmation order will constitute an order for relief from stay. Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. The Class 1A Secured Creditor shall have 30 days from the date of completing any non-judicial foreclosure sale of the Deena Way property in which to file a deficiency proof of claim, or such deficiency shall be deemed waived. Creditors in these classes shall retain their interest in the collateral. **These secured claims are <u>not</u> impaired and are not entitled to vote on confirmation of the Plan.**

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1B | U.S. Bank, National Association (lender) c/o Nationstar Mortgage, LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 3) (Sr. Mortgage) | 7400 Chantilly Way, Hughson, CA 95326 |
| 1C | U.S. Bank National Association (lender) / PHH Mortgage Corporation (loan servicer)<br><br>(Proof of Claim # 9) (Sr. Mortgage) | 1102 Sarah Belle Lane Fallon, NV 89406 |

The Debtors and the Class 1 B Secured Creditor executed and filed an Amended Claim Treatment Stipulation at Case Docket Number 196 on March 30, 2021. The treatment of the Class 1B Secured Claim is as follows:

A.    Creditor's claim (is successors and/or assigns), secured by the 7400 Chantilly Way Hughson CA 95326 property (hereinafter the "Chantilly Property") and Debtors' principal residence, is subject to the anti-modification provisions of 11 U.S.C. §1123(b)(5) and shall be fully secured, paid in full and Debtors' Plan shall not alter or modify the legal, equitable, and contractual rights under the Loan ("Secured Claim").  Creditor's Secured Claim shall be impaired pursuant to 11 U.S.C. §1124 *solely* to the extent that Debtors shall cure the contractual arrears as set forth herein.

B.    Cure of Contractual Arrears.  Debtors shall cure the total contractual arrears owing on Creditor's claim through March 2021 in the amount of $2,995.39 in six (6) equal monthly installments of $499.24 per month, commencing on the first day of the first month following entry of the Order Confirming Debtors' Chapter 11 Plan, and continuing on the first day of each month thereafter for a period of 5 months at which time any remaining contractual arrears must be paid in full.  Further, Debtors understand confirmation of Debtors' Plan shall not constitute a reinstatement of the Loan as of the Effective Date, and the Loan will reflect a contractual default until Debtors cure the outstanding arrears as set forth herein.  If the Debtors seek to sell or refinance the Chantilly Property any time prior to curing the contractual arrears as set forth herein, all outstanding contractual arrears must likewise be paid in full at the time of any such sale and/or refinancing.

C.    Post-Confirmation Default.  Upon confirmation of Debtors' Chapter 11 Plan, the Automatic Stay shall be deemed terminated as to the Debtors/estate vis-à-vis the Creditor, and Creditor (and/or its servicer) may provide Debtors notice of any default related to the Plan in accordance with the Loan documents, and applicable state law and/or proceed with its remedies

under the terms of the Loan and applicable state law, including but not limited to foreclosure of the Chantilly Property, without further notice, order, or proceeding of the Court.

D.      In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full, unmodified amount due under the Loan, and Debtors will no longer be allowed to cure the delinquent contractual arrears as set forth herein.

E.      Except as otherwise expressly provided herein, all remaining terms of the Loan Documents, which are incorporated herein by this reference, shall govern the treatment of Creditor's Secured Claim.

F.      Debtors have reviewed Creditor's Proof of Claim and do not dispute the Claim.

G.      In the event of a conflict between a provision of Debtors' Plan and these stipulated terms, the stipulated terms shall control as to Creditor's claim. Further, the terms and provisions of this treatment may not be modified, altered, or changed by any Chapter 11 Plan, including any subsequently filed amended or modified Chapter 11 Plan of Reorganization and/or confirmation order on the foregoing without the express written consent of the Creditor or by the Court for cause after a noticed hearing

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. **The confirmation order will constitute an order for relief from stay.** Creditors in these classes shall retain their interest in the collateral until paid in full. These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|-----------------|-----------|-----------|--------------|----------------|------|
| 1D | The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5)<br><br>(Please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(Sr. Mortgage) | 2412 6th St., Hughson, CA 95326 | $301,324.00 | 5.00% | Principal and interest: $1,617.57<br><br>Escrow: $236.33 (subject to change)<br><br>**PITI: $1,853.90 (subject to change due to escrow)** | 30 years |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

| 1E | Real Time Resolutions, Inc. / (loan servicer) for the Bank of New York Mellon (lender)<br><br>(Proof of Claim # 14)<br><br>(2nd Mortgage) | 1102 Sarah Belle Lane Fallon, NV 89406 | $60,576.26 | 0.00*<br><br>(*note rate as well) | $336.53 | 180 months |
| 1F | The Bank of New York Mellon (lender) / NewRez LLC (loan servicer)<br><br>(See Order Granting Motion for Approval of Loan Modification at Dkt. 167. .[2])<br><br>***See Also Additional Plan Treatment Below | 1006 Lovell Ave., Campbell, CA 95008 | $1,002,247.57 | 5.00 | $5,380.28<br><br>Escrow $1,134.50 (Subject to Change)<br><br>**$6,514.78 Starts 11/1/2020** | 30 years |
| Total | | | | | **$8,183.82** | |

As for Class 1D above, the Debtors will pay the <u>entire amount contractually due with interest as indicated in the above box for this Creditor, in monthly payments, due the 1st day of the month, starting Effective Date</u> on the above secured claim. **In addition, Debtors shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payments"). The current monthly Escrow Payment is $230.38. This amount is subject to change pursuant to the terms of the Subject Loan. Debtors must obtain Creditor's express written consent if they wish to de-escrow the account.**

In addition, the Debtors will pay any utstanding escrow advances owed on this claim (post petition advances that may have been made) on the Effective Date.

**As for Class 1E, the Debtors and the Secured Creditor have entered into a Stipulation Between Debtors and Real Time Resolutions which has not been filed as of yet. The**

---

[2] The Loan Modification Agreement that is identified as Exhibit B in Dkt. 147 shall control over any conflicting terms listed in the subject Plan.

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**pertinent terms of the Stipulation** (although not granted by the Honorable Court) are as follows:

Total Amount Owed: $60,576.26 (principal balance)
Interest rate is 0%.
Term is 180 months.
Monthly Payments which will begin on the Plan's Effective Date: $336.53
This agreement is contingent upon the Debtors completing a Chapter 11 Plan

**\*\*\*As for Class 1F,** the Debtors and The Bank of New York Mellon ("Creditor") executed and filed a Claim Treatment Stipulation Regarding the Real Property at Case Docket Number 182 on March 19, 2021. The pertinent terms of the Stipulation (although not granted by the Honorable Court) are as follows:

**Creditor's Claim shall be governed by the terms of the Note, Deed of Trust, and the Loan Mod Agreement (collectively, the "Loan Documents") re: the treatment of Creditor's Claim both during and after this Bankruptcy Case.**

**Debtors shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of $5,380.28 to Creditor for the Claim commencing November 1, 2020, and continuing on the same day of each month thereafter until the Secured Claim is paid in full, pursuant to the terms of the Loan Documents.**

**In addition to Principal and Interest Payments, Debtors shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payments") commencing November 1, 2020. The current monthly Escrow Payment is $1,134.50. This amount is subject to change pursuant to the terms of the Subject Loan. Debtors must obtain Creditor's express written consent if they wish to de-escrow the account.**

**If applicable, Debtors shall maintain homeowner's association dues (if any) for the Property. In the event Creditor receives notice that Debtors have failed to maintain homeowner's association dues for the Property, Creditor reserves the right to pay said dues in full and seek immediate recovery from the Debtor.**

Nothwithstanding Part 6 of this Plan, the automatic stay of 11 U.S.C. § 362 shall terminate as to Creditor's claim upon entry of an Order Confirming the Debtors' Plan. In the event of any future default on any of the above-described provisions after confirmation of the Chapter 11 Plan, Creditor shall proceed with default remedies under the terms of the Loan Documents, and pursuant to applicable state law, without further notice, order, or proceeding of the court in this Bankruptcy Case.

**In the event of any pre-confirmation default of the terms and conditions set forth in the above paragraphs, Creditor shall serve written notice of said default(s) to the Debtors and to the Debtors' attorney of record. If the Debtors fail to cure the default within 14 days after service of such written notice, Creditor may file a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which**

6

the court may grant without further notice or hearing. Also, nothwithstanding Part 6 of this Plan, this notice of default requirement terminates as to Creditor's 1F Claim as soon as the Debtors' Plan is confirmed.

Payments to claimants in these classes may continue past the date Debtor obtains a discharge.  The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**Class 2. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Persolve<br><br>(Proof of Claim # 1) | $53,535.09 | N | $2,676.75 | $22.31 |
| Merrick Bank / Resurgent Capital Services<br><br>(Proof of Claim # 4) | $1,743.53 | N | $87.18*<br><br>(*Debtor will likely pay this claim off in full on the Effective Date if funds are available) | $.73 |
| American Express National Bank c/o Becket and Lee LLP<br><br>(Proof of Claim # 6) | $12,978.10 | N | $648.91 | $5.41 |

7

| American Express National Bank c/o Becket and Lee LLP (Proof of Claim # 7) | $2,631.09 | N | $131.55* (*Debtor will likely pay this claim off in full on the Effective Date if funds are available) | $1.10 |
| Real Time Resolutions (Proof of Claim # 10) (For a foreclosed property / former junior lien that did not mature or get accelerated) | $114,078.83 | N | $5,703.94 | $47.53 |
| Veripro Solutions Inc. (Proof of Claim # 11) | $37,282.38 | Y- This 2006 loan was refinanced in 2008 and the claim should accordingly be withdrawn. | $0.00 | $0.00 |
| Cit Bank, National Association / Countrywide (Junior or 2nd lien on Debtor's home at 7400 Chantilly Way in Hughson that was ordered wholly unsecured per docket # 69 [full text] and 72 [summary order]) (No claim filed) | $131,152.00 | N | $6,557.60 | $54.65 |

| | | | | |
|---|---|---|---|---|
| Lomarey, Inc.<br><br>(Judicial lien on Debtor's home at 7400 Chantilly Way in Hughson that was ordered wholly unsecured per docket # 69 [full text] and 72 [summary order])<br><br>(No claim filed) | $480,148.00 | N | $24,007.40 | $200.06 |
| The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5, please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(UNSECURED PORTION of Senior Mortgage) | $104,097.01 | N | $5,204.85 | $43.37 |
| Collateral Financing Group, LLC<br><br>(Junior or 2nd lien on Debtor's property at 2412 6th Street in Hughson that was ordered wholly unsecured per docket # 128)<br><br>(No claim filed) | $94,421.00 | N | $4,721.05 | $39.34 |

9

| | | | | |
|---|---|---|---|---|
| First Horizon Home Loan Corporation<br><br>(Wholly unsecured junior mortgage lien on Debtors' surrendered property located at 1032 Deena Way, Fallon, NV 89406)<br><br>(No Claim Filed)<br><br>(See Order on Motion to Value Collateral at Dkt. 137.) | $44,700.00 | N | $2,235.00 | $18.63 |
| The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5)<br><br>(Please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(UNSECURED PORTION of Sr. Mortgage) | $104,097.00 | N | $5,204.85 | $43.37 |
| The Bank of New York Mellon (lender) / NewRez LLC (loan servicer)<br><br>(Proof of Claim # 12)<br><br>(Motion to Value at Dkt. 33)<br><br>(UNSECURED PORTION of Senior Mortgage per Stipulation / Loan Modification re: 1006 Lovell) | $78,867.00 | N | $3,943.35 | $32.86 |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

| | | | | |
|---|---|---|---|---|
| The PNC Financial Services Group, Inc./ Dreambuilder Investments, LLC<br><br>(No Claim Filed)<br><br>(Motion to Value at Docket # 33 with a Stipulation at docket # 139 for a $900,000.00 valuation)[3] | $154,950.00 | N | $7,747.50 | $64.56 |
| | $1,414,681.03 | | $68,651.20 | $572.10 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Pot Plan.** Creditors will receive a pro-rata share of a fund totaling **$68,651.20, created by Debtor's payment of $572.10 per month for a period of 120 months, starting Effective Date**. Pro-rata means the entire amount of the fund divided by the entire amount owed to creditors with allowed claims in this class.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) <u>Professional Fees</u>. Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Farsad Law Office, P.C. | $20,000.00 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation

11

will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
| --- | --- |
| United States Trustee | $650.00 |

(c) <u>Tax Claims</u>. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments. Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
| --- | --- | --- | --- | --- |
| NONE | NONE | NONE | NONE | NONE |

**PART 4:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
| --- | --- | --- | --- | --- |
| NONE | NONE | NONE | NONE | NONE |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (if any)

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| NONE | NONE |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

## PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.  Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a

13

determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right

14

to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  Lawsuits. Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Farsad Law Office, P.C.
Attn: Nancy Weng
1625 The Alameda, Suite 525
San Jose, CA 95126

Mr. John Yap / Mrs. Irene Loke
7400 Chantilly Way
Hughson, CA 95326

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: April 15, 2021                    */s/ John Hst Yap*
                                          Debtor

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

_/s/ Irene Laiwah Loke_
Debtor

_/s/ Arasto Farsad_
Attorney for Debtor

16

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**Exhibit 1 - Events That Led to Bankruptcy**

This case commenced with the filing of a petition under Chapter 11 on March 17, 2020. The Debtor filed the instant case primarily to stop the attempted non-judicial foreclosure sales of two investment properties that they have (located at 1006 Lovell Avenue in Campbell and 1032 Deena Way in Nevada).

The Debtor owns five real properties / homes in total. Three of them are located in California; two are in Nevada. All of them are underwater regarding either the first and/or second lienholders. The subject Chapter 11 was accordingly filed to help the Debtor reorganize the debts attached to the properties. In addition, the Debtor has junior liens (including judgments) that need to be dealt with to finally "clear up" the property titles.

Debtor, John Hst Yap, suffers from serious health issues, including chronic neurodegenerative disease, and would like to reorganize his finances in order to protect his family once he passes away via the instant Chapter 11.

The Debtor will be offering a reasonable payment plan to their secured as well as unsecured creditors. (For the unsecured creditors, it will be based on a standard liquidation analysis.)

17

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 7400 Chantilly Way, Hughson, CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $500,000.00 | 1st MTG with U.S. Bank, N.A. / Mr. Cooper:<br><br>$516,785.00 | $35,000.00 | $0.00 | $175,000.00 | $0.00 |
| | 2nd MTG with CIT Bank, National Association / Countrywide:<br><br>$131,152.00 | | | | |
| | 3rd Judgment Lien with Lomarey, Inc.:<br><br>$480,148.00 | | | | |

Real Property #2: 1006 Lovell Campbell, CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $900,000.00 | 1st MTG with The Bank of New York Mellon / NewRez LLC:<br><br>$978,867.00 | $63,000.00 | $0.00 | $0.00 | $0.00 |

| 2nd MTG with PNC Financial Services Group, Inc./ Dreambuilder Investments, LLC: $154,950.00 |
| --- |
| 3rd |

Real Property #3: 1102 Sarah Belle Lane Fallon, NV

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
| --- | --- | --- | --- | --- | --- |
| $310,000.00 | 1st MTG with U.S. Bank National Association / PHH Mortgage Corporation: $256,430.17 | $21,700.00 | $0.00 | $0.00 | $0.00 |
| | 2nd MTG with Real Time Resolutions, Inc. / Bank of New York Mellon: $60,000.00 | | | | |

Real Property #4: 2412 6th St., Hughson CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $301,324.00 | 1st MTG with The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>$405,815.00 | $21,092.68 | $0.00 | $0.00 | $0.00 |
| | 2nd Collateral Financing $94,421.00 | | | | |
| | 3rd | | | | |

Real Property #1: 1032 Deena Way, Fallon, NV

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $261,900.00 | 1st Mr. Cooper $341,860.00 | $18,333.00 | $0.00 | $0.00 | $0.00 |
| | 2nd First Horizon Home Loan Corporation $44,700.00 | | | | |
| | 3rd | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $3,702.00.00 | | $3,702.00 | $0.00 |
| Automobile #1-2003 Toyota Sienna | $2,400.00 | | $2,400.00 | $0.00 |
| Automobile #2 – 2007 Toyota Tundra | $2,900.00 | | $2,900.00 | $0.00 |
| Automobile #3 – 2008 Kia Rondo | $2,800.00 | | $2,800.00 | $0.00 |
| Automobile #4 – 1999 Chevy Prizm | $800.00 | | $800.00 | $0.00 |
| Household Furnishings, clothing | $6,350.00 | | $6,350.00 | $0.00 |
| Jewelry | $250.00 | | $250.00 | $0.00 |
| Equipment | | | | |
| Stocks / Investments Retirement Computershare | $123,448.00 $502.00 | | $123,448.00 $502.00 | $0.00 |
| Other Personal Property | | | | |
| TOTAL | | | | $0.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $0.00 |
| Recovery from Preferences / Fraudulent Conveyances          [ADD] | |
| Chapter 7 Administrative Claims                          [SUBTRACT] | |
| Chapter 11 Administrative Claims                         [SUBTRACT] | |
| Priority Claims                                          [SUBTRACT] | |
| Chapter 7 Trustee Fees                                   [SUBTRACT] | |
| Chapter 7 Trustee's Professionals                        [SUBTRACT] | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $0.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $1,414,681.03 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 5% |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

| | |
|---|---|
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Net Consulting Income[4] | $4,000.00 |
| Social Security Income for both Debtors<br>Pension<br>Family Support | $2,447.00<br>$1,147.00<br>$1,350.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A)<br>*Two properties: 2412 6th Street in Hughson and 1102 Sarah Belle Lane, Fallon | $1,926.74 |
| **A. Total Monthly Income** | $10,870.74 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | |
| Retirement Contributions (401k, IRA, PSP) | |
| Shelter Expenses (rent/mortgage, insurance, taxes)<br>Note: Debtors' primary residence is 7400 Chantilly Way in Hughson and this is the primary mortgage payment (see Proof of Claim # 3 / Class 1B above) | $2,670.70<br><br>Escrow: $453.39<br><br>**$3,124.09** |
| Household Expenses (food, utilities, telecommunication) | $1,550.00 |
| Transportation Expenses (car maintenance, insurance, fuel) | $575.00 |
| Personal Expenses (e.g., recreation, clothing, laundry) | $150.00 |
| Alimony / Child Support | |
| Other Expenses-medical | $2,600.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B)<br>*Property located at 1006 Lovell in Campbell per the recent Loan Modification | $2,064.70 |

---

[4] Based on the Debtors' average net income during the pendency of the instant case--as well as the Debtors' own opinion as to what they generally net for the consulting (music) income each month after payment of applicable Federal and State taxes.

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

22

| B. Total Monthly Expenses | $10,063.79 |
|---|---|

| C. Disposable Income (Line A - Line B) | $806.95 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | |
| General Unsecured Creditors | $572.10 |
| Total Plan Payments | $572.10 |

| E. Plan Feasibility (Line C - Line D)<br>(Not feasible if less than zero) | $234.85 |
|---|---|

## Exhibit 4 - Effective Date Feasibility

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | $3,891.00[5] |
| Payments on Effective Date | | |
| Unclassified Claims - Class 2 payments | $572.10 | |
| Administrative Expense Claims | | |
| Priority Claims | | |
| Small Claims (Class 2(a)) | | |
| U.S. Trustee Fees | $650.00 | |
| B. Total Payments on Effective Date | | $1,222.10 |
| C. Net Cash on Effective Date (Line A - Line B)<br>(Not feasible if less than zero) | | $2,668.90 |

---

[5] Based on the Debtors' average DIP account balance during the pendency of the instant case.

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: 2412 6th St., Hughson CA

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $2,425.00 | 1st  $1,270.39 | Property taxes and insurance escrowed with a total payment of: $230.38 | See insurance box | Maintenance: $100.00 | $824.23 |
| | 2nd | | | | |
| | 3rd | | | | |

Real Property #2 Income: 1102 Sarah Belle Lane, Fallon, NV

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $2,650.00 | 1st  U.S. Bank, N.A./ PHH Mortgage $1,050.59 | Property taxes and insurance escrowed with a total payment of: $278.63 | See insurance box | Maintenance $50.00 | $1,102.51 |
| | 2nd  MTG with Real Time Resolutions, Inc. (Class 1E) $168.27 | | | | |
| | 3rd | | | | |

| A. Total Positive Cash Flow | $1,976.74 |
|---|---|

Individual Chapter 11                                    24
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**Properties with Negative Monthly Cash-Flow:**

Real Property #2 Income: 1006 Lovell Campbell, CA

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $4,500.00 | $5,380.28 | Escrow $1,134.50 | See escrow | $50.00 maintenance | ($2,064.70) |
| | 2nd | | | | |
| | 3rd | | | | |

| B. Total Negative Cash Flow | ($2,214.78) |
|---|---|

EXHIBIT D

1  ARASTO FARSAD (SBN: 273118)
2  NANCY WENG (SBN: 251215)
   **FARSAD LAW OFFICE, P.C.**
3  1625 The Alameda, Suite 525
   San Jose, CA 95126
4  Tel: 408-641-9966
5  Fax: 408-866-7334
   Emails: farsadlaw1@gmail.com;
6  nancy@farsadlaw.com

7  Attorneys for Debtors / debtors-in-possession

8

9                **UNITED STATES BANKRUPTCY COURT**
10                **EASTERN DISTRICT OF CALIFORNIA**
                  **SACRAMENTO DIVISION**
11

12                              ) Case No. 20-90210
   In re:                       ) Chapter 11
13                              ) DCN: RHS-1
   JOHN HST YAP and            )
14                              )
   IRENE LAIWAH LOKE,          ) **ORDER CONFIRMING CHAPTER 11**
15                              ) **PLAN DATED APRIL 15, 2021**
                  Debtors.      )
16                              ) **Date:** June 24, 2021
                               ) **Time:** 2:00 p.m.
17                              ) **Place:** 501 I Street, Crtrm 33, Sacramento,
                               ) California 95814
18                              )
                               ) **Chief Judge: Honorable Ronald H. Sargis**
19 _____ _____)

20        On June 24, 2021 at 2:00 p.m., before the Honorable Chief Judge Ronald H. Sargis, the

21 Court held a hearing on final approval of the above-captioned Debtor's Disclosure Statement and

22 confirmation of the above-captioned Debtor's Plan of Reorganization dated April 15, 2021. (A

23 true and correct copy is attached hereto as **Exhibit A**.)

24        After review of the ballot summary, the statements made on the record, and all filings in

25 the case, the Court determined that confirmation of Debtor's plan was appropriate as the Debtor

26

27 ///

28 ///

**RECEIVED**
**June 26, 2021**
**CLERK, U.S BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**0006987265**

has proven by preponderance of the evidence that the Debtor's plan of reorganization meets all

the requirements of 11 U.S.C. § 1129 et. seq.

Therefore, it is hereby **ORDERED** that the Disclosure Statement and Chapter 11 Plan

dated April 15, 2021 is approved and said Chapter 11 Plan (filed as case docket number 209, a

copy of which is attached hereto as Addendum A), as amended by this Order, is

CONFIRMED.

**IT IS FURTHER ORDERED** that the confirmed plan is amended as set forth in the

following:

A.  Class 2 Creditor "The Bank of New York Mellon / Nationstar Mortgage LLC" at

proof of claim number 5 is a duplicative entry in the Plan and shall only be counted

once. (Re: a $104,097.00 claim amount re: the unsecured portion of this creditor's

primary mortgage.)

B.  Class 2 Creditor "The Bank of New York Mellon / New Rez LLC", with proof of

claim number 12, is hereby removed from Class 2 of the Plan because the Debtor

and this Creditor entered into a loan modification at the full claim amount.

Accordingly, this Subject Claim was not crammed down, and there is no unsecured

portion on the Claim. The terms of the voluntary loan modification control (See

Dkts. 144, 147 (Ex. B) & 167).

**Dated:** July 01, 2021                    **By the Court**


**Ronald H. Sargis, Judge**
**United States Bankruptcy Court**

<div align="center">

**United States Bankruptcy Court**
**Eastern District of California**

</div>

In re:

<div align="center">

# ADDENDUM A

</div>

Case No. 20-90210
Chapter 11

John Hst Yap
Irene Laiwah Loke,

**Hon. Judge Ronald H. Sargis**

Debtors.

_____/

<div align="center">

**███████ AMENDED COMBINED PLAN OF REORGANIZATION**

**AND DISCLOSURE STATEMENT DATED APRIL 15, 2021**

</div>

## INTRODUCTION

This is Debtors'[1] Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: a prorata portion of **$68,651.20**, likely to result in a **5%** recovery of allowed claims in monthly payments over **120 months**. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required

---

[1] Although this is a joint filing, with two Debtors or one Debtor and one Co-Debtor, the subject Combined Plan & Disclosure Statement refers to both of them as "Debtor".

to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|-------|------------------|---------------------------|
| 1A | The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 2) | 1032 Deena Way, Fallon, NV 89406 |

Upon entry of the Order Confirming Debtors' Plan, the Deena Way property shall be deemed surrendered to the Class 1A Secured Creditor, and no longer property of the Debtors' estate. . In addition, the Automatic Stay of 11 U.S.C. Section 362(a) shall be terminated upon of entry of an order Confirming Debtors' Plan, or upon entry of the Order on the Class 1A Secured Creditor's 4001(d) Motion to Approve Stipulation Re: Termination of the Automatic Stay and Points and Authorities in Support Thereof at Case Docket Number 188, whichever occurs first, such that the Class 1A Secured Creditor shall be permitted to enforces its rights as to the Deena Way property under the loan documents and applicable state law without further notice, order or proceeding of the Court ~~The confirmation order will constitute an order for relief from stay.~~ Any secured claim is satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim treated in Part 2. The Class 1A Secured Creditor shall have 30 days from the date of completing any non-judicial foreclosure sale of the Deena Way property in which to file a deficiency proof of claim, or such deficiency shall be deemed waived. Creditors in these classes shall retain their interest in the collateral. **These secured claims are <u>not</u> impaired and are not entitled to vote on confirmation of the Plan.**

2

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1B | U.S. Bank, National Association (lender) c/o Nationstar Mortgage, LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 3) (Sr. Mortgage) | 7400 Chantilly Way, Hughson, CA 95326 |
| 1C | U.S. Bank National Association (lender) / PHH Mortgage Corporation (loan servicer)<br><br>(Proof of Claim # 9) (Sr. Mortgage) | 1102 Sarah Belle Lane Fallon, NV 89406 |

The Debtors and the Class 1 B Secured Creditor executed and filed an Amended Claim Treatment Stipulation at Case Docket Number 196 on March 30, 2021. The treatment of the Class 1B Secured Claim is as follows:

A.    Creditor's claim (is successors and/or assigns), secured by the 7400 Chantilly Way Hughson CA 95326 property (hereinafter the "Chantilly Property") and Debtors' principal residence, is subject to the anti-modification provisions of 11 U.S.C. §1123(b)(5) and shall be fully secured, paid in full and Debtors' Plan shall not alter or modify the legal, equitable, and contractual rights under the Loan ("Secured Claim").   Creditor's Secured Claim shall be impaired pursuant to 11 U.S.C. §1124 _solely_ to the extent that Debtors shall cure the contractual arrears as set forth herein.

B.    Cure of Contractual Arrears.  Debtors shall cure the total contractual arrears owing on Creditor's claim through March 2021 in the amount of $2,995.39 in six (6) equal monthly installments of $499.24 per month, commencing on the first day of the first month following entry of the Order Confirming Debtors' Chapter 11 Plan, and continuing on the first day of each month thereafter for a period of 5 months at which time any remaining contractual arrears must be paid in full.  Further, Debtors understand confirmation of Debtors' Plan shall not constitute a reinstatement of the Loan as of the Effective Date, and the Loan will reflect a contractual default until Debtors cure the outstanding arrears as set forth herein.  If the Debtors seek to sell or refinance the Chantilly Property any time prior to curing the contractual arrears as set forth herein, all outstanding contractual arrears must likewise be paid in full at the time of any such sale and/or refinancing.

C.    Post-Confirmation Default.   Upon confirmation of Debtors' Chapter 11 Plan, the Automatic Stay shall be deemed terminated as to the Debtors/estate vis-à-vis the Creditor, and Creditor (and/or its servicer) may provide Debtors notice of any default related to the Plan in accordance with the Loan documents, and applicable state law and/or proceed with its remedies

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

under the terms of the Loan and applicable state law, including but not limited to foreclosure of the Chantilly Property, without further notice, order, or proceeding of the Court.

D.    In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full, unmodified amount due under the Loan, and Debtors will no longer be allowed to cure the delinquent contractual arrears as set forth herein.

E.    Except as otherwise expressly provided herein, all remaining terms of the Loan Documents, which are incorporated herein by this reference, shall govern the treatment of Creditor's Secured Claim.

F.    Debtors have reviewed Creditor's Proof of Claim and do not dispute the Claim.

G.    In the event of a conflict between a provision of Debtors' Plan and these stipulated terms, the stipulated terms shall control as to Creditor's claim.  Further, the terms and provisions of this treatment may not be modified, altered, or changed by any Chapter 11 Plan, including any subsequently filed amended or modified Chapter 11 Plan of Reorganization and/or confirmation order on the foregoing without the express written consent of the Creditor or by the Court for cause after a noticed hearing

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral.  **The confirmation order will constitute an order for relief from stay.**  Creditors in these classes shall retain their interest in the collateral until paid in full.  These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|-------|------------------|------------|------------|---------------|-----------------|------|
| 1D | The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5)<br><br>(Please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(Sr. Mortgage) | 2412 6th St., Hughson, CA 95326 | $301,324.00 | 5.00% | Principal and interest: $1,617.57<br><br>Escrow: $236.33 (subject to change)<br><br>**PITI: $1,853.90 (subject to change due to escrow)** | 30 years |

4

| 1E | Real Time Resolutions, Inc. / (loan servicer) for the Bank of New York Mellon (lender)<br><br>(Proof of Claim # 14)<br><br>(2nd Mortgage) | 1102 Sarah Belle Lane Fallon, NV 89406 | $60,576.26 | 0.00*<br><br>(*note rate as well) | $336.53 | 180 months |
|---|---|---|---|---|---|---|
| 1F | The Bank of New York Mellon (lender) / NewRez LLC (loan servicer)<br><br>(See Order Granting Motion for Approval of Loan Modification at Dkt. 167. .[2])<br><br>***See Also Additional Plan Treatment Below | 1006 Lovell Ave., Campbell, CA 95008 | $1,002,247.57 | 5.00 | $5,380.28<br><br>Escrow $1,134.50 (Subject to Change)<br><br>**$6,514.78 Starts 11/1/2020** | 30 years |
| Total | | | | | **$8,183.82** | |

As for Class 1D above, the Debtors will pay the <u>entire amount contractually due with interest as indicated in the above box for this Creditor, in monthly payments, due the 1st day of the month, starting Effective Date</u> on the above secured claim.  **In addition, Debtors shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payments"). The current monthly Escrow Payment is $230.38. This amount is subject to change pursuant to the terms of the Subject Loan. Debtors must obtain Creditor's express written consent if they wish to de-escrow the account.**

In addition, the Debtors will pay any utstanding escrow advances owed on this claim (post petition advances that may have been made) on the Effective Date.

**As for Class 1E, the Debtors and the Secured Creditor have entered into a Stipulation Between Debtors and Real Time Resolutions which has not been filed as of yet. The**

---

[2] The Loan Modification Agreement that is identified as Exhibit B in Dkt. 147 shall control over any conflicting terms listed in the subject Plan.

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**pertinent terms of the Stipulation** (although not granted by the Honorable Court) are as follows:

Total Amount Owed: $60,576.26 (principal balance)
Interest rate is 0%.
Term is 180 months.
Monthly Payments which will begin on the Plan's Effective Date: $336.53
This agreement is contingent upon the Debtors completing a Chapter 11 Plan

***As for Class 1F,** the Debtors and The Bank of New York Mellon ("Creditor") executed and filed a Claim Treatment Stipulation Regarding the Real Property at Case Docket Number 182 on March 19, 2021. The pertinent terms of the Stipulation (although not granted by the Honorable Court) are as follows:

**Creditor's Claim shall be governed by the terms of the Note, Deed of Trust, and the Loan Mod Agreement (collectively, the "Loan Documents") re: the treatment of Creditor's Claim both during and after this Bankruptcy Case.**

**Debtors shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of $5,380.28 to Creditor for the Claim commencing November 1, 2020, and continuing on the same day of each month thereafter until the Secured Claim is paid in full, pursuant to the terms of the Loan Documents.**

**In addition to Principal and Interest Payments, Debtors shall make monthly escrow payments to Creditor for real property tax advances and hazard insurance advances made by Creditor ("Escrow Payments") commencing November 1, 2020. The current monthly Escrow Payment is $1,134.50. This amount is subject to change pursuant to the terms of the Subject Loan. Debtors must obtain Creditor's express written consent if they wish to de-escrow the account.**

**If applicable, Debtors shall maintain homeowner's association dues (if any) for the Property. In the event Creditor receives notice that Debtors have failed to maintain homeowner's association dues for the Property, Creditor reserves the right to pay said dues in full and seek immediate recovery from the Debtor.**

Nothwithstanding Part 6 of this Plan, the automatic stay of 11 U.S.C. § 362 shall terminate as to Creditor's claim upon entry of an Order Confirming the Debtors' Plan. In the event of any future default on any of the above-described provisions after confirmation of the Chapter 11 Plan, Creditor shall proceed with default remedies under the terms of the Loan Documents, and pursuant to applicable state law, without further notice, order, or proceeding of the court in this Bankruptcy Case.

**In the event of any pre-confirmation default of the terms and conditions set forth in the above paragraphs, Creditor shall serve written notice of said default(s) to the Debtors and to the Debtors' attorney of record. If the Debtors fail to cure the default within 14 days after service of such written notice, Creditor may file a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which**

6

the court may grant without further notice or hearing. Also, nothwithstanding Part 6 of this Plan, this notice of default requirement terminates as to Creditor's 1F Claim as soon as the Debtors' Plan is confirmed.

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan. Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**Class 2. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|
| Persolve<br><br>(Proof of Claim # 1) | $53,535.09 | N | $2,676.75 | $22.31 |
| Merrick Bank / Resurgent Capital Services<br><br>(Proof of Claim # 4) | $1,743.53 | N | $87.18*<br><br>(*Debtor will likely pay this claim off in full on the Effective Date if funds are available) | $.73 |
| American Express National Bank c/o Becket and Lee LLP<br><br>(Proof of Claim # 6) | $12,978.10 | N | $648.91 | $5.41 |

7

| | | | | |
|---|---|---|---|---|
| American Express National Bank c/o Becket and Lee LLP<br><br>(Proof of Claim # 7) | $2,631.09 | N | $131.55*<br><br>(*Debtor will likely pay this claim off in full on the Effective Date if funds are available) | $1.10 |
| Real Time Resolutions<br><br>(Proof of Claim # 10)<br><br>(For a foreclosed property / former junior lien that did not mature or get accelerated) | $114,078.83 | N | $5,703.94 | $47.53 |
| Veripro Solutions Inc.<br><br>(Proof of Claim # 11) | $37,282.38 | Y- This 2006 loan was refinanced in 2008 and the claim should accordingly be withdrawn. | $0.00 | $0.00 |
| Cit Bank, National Association / Countrywide<br><br>(Junior or 2nd lien on Debtor's home at 7400 Chantilly Way in Hughson that was ordered wholly unsecured per docket # 69 [full text] and 72 [summary order])<br><br>(No claim filed) | $131,152.00 | N | $6,557.60 | $54.65 |

8

| | | | | |
|---|---|---|---|---|
| Lomarey, Inc.<br><br>(Judicial lien on Debtor's home at 7400 Chantilly Way in Hughson that was ordered wholly unsecured per docket # 69 [full text] and 72 [summary order])<br><br>(No claim filed) | $480,148.00 | N | $24,007.40 | $200.06 |
| The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5, please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(UNSECURED PORTION of Senior Mortgage) | $104,097.01 | N | $5,204.85 | $43.37 |
| Collateral Financing Group, LLC<br><br>(Junior or 2nd lien on Debtor's property at 2412 6th Street in Hughson that was ordered wholly unsecured per docket # 128)<br><br>(No claim filed) | $94,421.00 | N | $4,721.05 | $39.34 |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

| | | | | |
|---|---|---|---|---|
| First Horizon Home Loan Corporation<br><br>(Wholly unsecured junior mortgage lien on Debtors' surrendered property located at 1032 Deena Way, Fallon, NV 89406)<br><br>(No Claim Filed)<br><br>(See Order on Motion to Value Collateral at Dkt. 137.) | $44,700.00 | N | $2,235.00 | $18.63 |
| The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>(Proof of Claim # 5)<br><br>(Please see Order on Motion to Value Collateral at Dkt. 128)<br><br>(UNSECURED PORTION of Sr. Mortgage) | $104,097.00 | N | $5,204.85 | $43.37 |
| The Bank of New York Mellon (lender) / NewRez LLC (loan servicer)<br><br>(Proof of Claim # 12)<br><br>(Motion to Value at Dkt. 33)<br><br>(UNSECURED PORTION of Senior Mortgage per Stipulation / Loan Modification re: 1006 Lovell) | $78,867.00 | N | $3,943.35 | $32.86 |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

| | | | | |
|---|---|---|---|---|
| The PNC Financial Services Group, Inc./ Dreambuilder Investments, LLC<br><br>(No Claim Filed)<br><br>(Motion to Value at Docket # 33 with a Stipulation at docket # 139 for a $900,000.00 valuation)[3] | $154,950.00 | N | $7,747.50 | $64.56 |
| | $1,414,681.03 | | $68,651.20 | $572.10 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Pot Plan.** Creditors will receive a pro-rata share of a fund totaling **$68,651.20, created by Debtor's payment of $572.10 per month for a period of 120 months, starting Effective Date**. Pro-rata means the entire amount of the fund divided by the entire amount owed to creditors with allowed claims in this class.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) <u>Professional Fees</u>. Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Farsad Law Office, P.C. | $20,000.00 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation

11

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| United States Trustee | $650.00 |

(c) Tax Claims. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments. Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

## PART 4:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) Executory Contracts/Unexpired Leases Assumed. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

(b) Executory Contracts/Unexpired Leases Rejected. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (if any)

12

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| NONE | NONE |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

## PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.  Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a

13

determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right

to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d)  Severability.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f)  Lawsuits. Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|--------------|-----------------|-----------------|-----------------------------------|
| NONE | NONE | NONE | NONE | NONE |

(g)  Notices.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Farsad Law Office, P.C.
Attn: Nancy Weng
1625 The Alameda, Suite 525
San Jose, CA 95126

Mr. John Yap / Mrs. Irene Loke
7400 Chantilly Way
Hughson, CA 95326

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: April 15, 2021                    */s/ John Hst Yap*
                                              Debtor

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

_/s/ Irene Laiwah Loke_
Debtor

_/s/ Arasto Farsad_
Attorney for Debtor

16

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**Exhibit 1 - Events That Led to Bankruptcy**

This case commenced with the filing of a petition under Chapter 11 on March 17, 2020. The Debtor filed the instant case primarily to stop the attempted non-judicial foreclosure sales of two investment properties that they have (located at 1006 Lovell Avenue in Campbell and 1032 Deena Way in Nevada).

The Debtor owns five real properties / homes in total. Three of them are located in California; two are in Nevada. All of them are underwater regarding either the first and/or second lienholders. The subject Chapter 11 was accordingly filed to help the Debtor reorganize the debts attached to the properties. In addition, the Debtor has junior liens (including judgments) that need to be dealt with to finally "clear up" the property titles.

Debtor, John Hst Yap, suffers from serious health issues, including chronic neurodegenerative disease, and would like to reorganize his finances in order to protect his family once he passes away via the instant Chapter 11.

The Debtor will be offering a reasonable payment plan to their secured as well as unsecured creditors. (For the unsecured creditors, it will be based on a standard liquidation analysis.)

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 7400 Chantilly Way, Hughson, CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $500,000.00 | 1st MTG with U.S. Bank, N.A. / Mr. Cooper:<br><br>$516,785.00 | $35,000.00 | $0.00 | $175,000.00 | $0.00 |
| | 2nd MTG with CIT Bank, National Association / Countrywide:<br><br>$131,152.00 | | | | |
| | 3rd Judgment Lien with Lomarey, Inc.:<br><br>$480,148.00 | | | | |

Real Property #2: 1006 Lovell Campbell, CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $900,000.00 | 1st MTG with The Bank of New York Mellon / NewRez LLC:<br><br>$978,867.00 | $63,000.00 | $0.00 | $0.00 | $0.00 |

| 2nd MTG with PNC Financial Services Group, Inc./ Dreambuilder Investments, LLC:<br><br>$154,950.00 | |
| 3rd | |

Real Property #3: 1102 Sarah Belle Lane Fallon, NV

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $310,000.00 | 1st MTG with U.S. Bank National Association / PHH Mortgage Corporation:<br><br>$256,430.17 | $21,700.00 | $0.00 | $0.00 | $0.00 |
| | 2nd MTG with Real Time Resolutions, Inc. / Bank of New York Mellon:<br><br>$60,000.00 | | | | |

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

19

Real Property #4: 2412 6th St., Hughson CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $301,324.00 | 1st MTG with The Bank of New York Mellon (lender) / Nationstar Mortgage LLC dba Mr. Cooper (loan servicer)<br><br>$405,815.00 | $21,092.68 | $0.00 | $0.00 | $0.00 |
| | 2nd Collateral Financing $94,421.00 | | | | |
| | 3rd | | | | |

Real Property #1: 1032 Deena Way, Fallon, NV

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $261,900.00 | 1st Mr. Cooper $341,860.00 | $18,333.00 | $0.00 | $0.00 | $0.00 |
| | 2nd First Horizon Home Loan Corporation $44,700.00 | | | | |
| | 3rd | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $3,702.00.00 | | $3,702.00 | $0.00 |
| Automobile #1-2003 Toyota Sienna | $2,400.00 | | $2,400.00 | $0.00 |
| Automobile #2 – 2007 Toyota Tundra | $2,900.00 | | $2,900.00 | $0.00 |
| Automobile #3 – 2008 Kia Rondo | $2,800.00 | | $2,800.00 | $0.00 |
| Automobile #4 – 1999 Chevy Prizm | $800.00 | | $800.00 | $0.00 |
| Household Furnishings, clothing | $6,350.00 | | $6,350.00 | $0.00 |
| Jewelry | $250.00 | | $250.00 | $0.00 |
| Equipment | | | | |
| Stocks / Investments Retirement Computershare | $123,448.00 $502.00 | | $123,448.00 $502.00 | $0.00 |
| Other Personal Property | | | | |
| TOTAL | | | | $0.00 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $0.00 |
| Recovery from Preferences / Fraudulent Conveyances                    [ADD] | |
| Chapter 7 Administrative Claims                                [SUBTRACT] | |
| Chapter 11 Administrative Claims                               [SUBTRACT] | |
| Priority Claims                                               [SUBTRACT] | |
| Chapter 7 Trustee Fees                                        [SUBTRACT] | |
| Chapter 7 Trustee's Professionals                             [SUBTRACT] | |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $0.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $1,414,681.03 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 5% |

| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |
|---|---|

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Net Consulting Income[4] | $4,000.00 |
| Social Security Income for both Debtors<br>Pension<br>Family Support | $2,447.00<br>$1,147.00<br>$1,350.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A)<br>*Two properties: 2412 6th Street in Hughson and 1102 Sarah Belle Lane, Fallon | $1,926.74 |
| **A. Total Monthly Income** | $10,870.74 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | |
| Retirement Contributions (401k, IRA, PSP) | |
| Shelter Expenses (rent/mortgage, insurance, taxes)<br>Note: Debtors' primary residence is 7400 Chantilly Way in Hughson and this is the primary mortgage payment (see Proof of Claim # 3 / Class 1B above) | $2,670.70<br><br>Escrow: $453.39<br><br>**$3,124.09** |
| Household Expenses (food, utilities, telecommunication) | $1,550.00 |
| Transportation Expenses (car maintenance, insurance, fuel) | $575.00 |
| Personal Expenses (e.g., recreation, clothing, laundry) | $150.00 |
| Alimony / Child Support | |
| Other Expenses-medical | $2,600.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B)<br>*Property located at 1006 Lovell in Campbell per the recent Loan Modification | $2,064.70 |

---

[4] Based on the Debtors' average net income during the pendency of the instant case--as well as the Debtors' own opinion as to what they generally net for the consulting (music) income each month after payment of applicable Federal and State taxes.

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

22

| B. Total Monthly Expenses | $10,063.79 |
|---|---|

| C. Disposable Income (Line A - Line B) | $806.95 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | |
| General Unsecured Creditors | $572.10 |
| Total Plan Payments | $572.10 |

| E. Plan Feasibility (Line C - Line D)<br>(Not feasible if less than zero) | **$234.85** |
|---|---|

## Exhibit 4 - Effective Date Feasibility

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | $3,891.00[5] |
| Payments on Effective Date | | |
| Unclassified Claims - Class 2 payments | $572.10 | |
| Administrative Expense Claims | | |
| Priority Claims | | |
| Small Claims (Class 2(a)) | | |
| U.S. Trustee Fees | $650.00 | |
| B. Total Payments on Effective Date | | $1,222.10 |
| **C. Net Cash on Effective Date** (Line A - Line B)<br>(Not feasible if less than zero) | | $2,668.90 |

---

[5] Based on the Debtors' average DIP account balance during the pendency of the instant case.

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: 2412 6th St., Hughson CA

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $2,425.00 | 1st  $1,270.39 | Property taxes and insurance escrowed with a total payment of: $230.38 | See insurance box | Maintenance: $100.00 | $824.23 |
| | 2nd | | | | |
| | 3rd | | | | |

Real Property #2 Income: 1102 Sarah Belle Lane, Fallon, NV

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $2,650.00 | 1st  U.S. Bank, N.A./ PHH Mortgage $1,050.59 | Property taxes and insurance escrowed with a total payment of: $278.63 | See insurance box | Maintenance $50.00 | $1,102.51 |
| | 2nd  MTG with Real Time Resolutions, Inc. (Class 1E) $168.27 | | | | |
| | 3rd | | | | |

| A. Total Positive Cash Flow | $1,976.74 |
|---|---|

Individual Chapter 11
Proposed Amended Combined Plan & Disclosure Statement
Dated April 15, 2021

24

**Properties with Negative Monthly Cash-Flow:**

Real Property #2 Income: 1006 Lovell Campbell, CA

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $4,500.00 | $5,380.28 | Escrow $1,134.50 | See escrow | $50.00 maintenance | ($2,064.70) |
| | 2nd | | | | |
| | 3rd | | | | |

| B. Total Negative Cash Flow | ($2,214.78) |
|---|---|

EXHIBIT E



P.O. Box 1800
Saint Paul, Minnesota 55101-0800

3880      IMG            S       X     ST01

# Uni-Statement

Account Number
■■■■■■■0032

Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 1 of 9

000000298 02 SP     000638896785504 P

ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

☎                          ***To Contact U.S. Bank***

***By Phone:***              *1-800-US BANKS*
                             *(1-800-872-2657)*

***U.S. Bank accepts Relay Calls***

***Internet:***                        *usbank.com*

---

## NEWS FOR YOU

Beginning August 20, 2021, we will no longer offer the Popmoney® Send to Account service. We understand that this decision may create a disruption for you - we're here to help with the following options.

- Zelle® makes sending[1], requesting[2] and receiving money fast, safe and easy - and it's free for U.S. Bank customers. Visit **usbank.com/zelle** to learn more.
- Pay bills on time, every time[3] with U.S. Bank mobile and online banking. Learn more at **usbank.com/billpay**.
- Transfer money between your U.S. Bank accounts and accounts you hold at other financial institutions.[4] Find out how at **usbank.com/transfers**.

**Beginning August 20, 2021, scheduled payments in your Send to Account dashboard in online banking will not process.** If you've set up recurring payments, you can schedule those using any of the services listed above.[5]

If you have any questions about this change, please call U.S. Bank 24-Hour Banking at 800-USBANKS (872-2657). We accept relay calls.

[1]. U.S. checking or savings account required to use Zelle®. Transactions between enrolled consumers typically occur in minutes and generally do not incur transaction fees.

[2]. Requests for money with Zelle® (including Split requests) sent to a U.S. mobile number require that the mobile number first be enrolled with Zelle®.

[3]. Payments are guaranteed, assuming accounts are sufficiently funded, all payment information is entered correctly and the payment is scheduled to arrive by its due date.

[4]. Eligibility requirements and restrictions apply. Please refer to the Digital Services Agreement for more information.

[5]. Safe Debit Accounts are not eligible for automatic payments or expedited delivery and can only pay billers listed in our system who accept electronic payment.

Popmoney is a registered trademark of Fiserv, Inc. or its Affiliates.
Zelle and the Zelle related marks are wholly owned by Early Warning Services, LLC and are used herein under license.

---

Scan here with your phone's camera to download the U.S. Bank Mobile App.



---

## EASY CHECKING

U.S. Bank National Association                                                              ***Member FDIC***

**Account Summary**                                                          Account Number ■■■■■-0032

| | | | | | |
|---|---|---|---|---|---|
| Beginning Balance on Jul 1 | $ | 3,057.50 | Number of Days in Statement Period | | 31 |
| Deposits / Credits | | 71,888.66 | Average Account Balance | $ | 20,232.67 |
| Card Withdrawals | | 4,475.40- | Customer Segment | | Senior |
| Other Withdrawals | | 3,607.06- | | | |
| Checks Paid | | 52,950.88- | | | |
| **Ending Balance on Jul 31, 2021** | **$** | **13,912.82** | | | |



Filed 12/06/21

Case 21-03016   Doc 6

## BALANCE YOUR ACCOUNT

To keep track of your transactions, you should balance your account every month.  Please examine this statement immediately.  We will assume that the balance and transactions shown are correct unless you notify us of an error.

**Outstanding Deposits**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
| TOTAL | $     |

**Outstanding Withdrawals**

| DATE | AMOUNT |
|------|--------|
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |
| TOTAL | $     |

1.  List any deposits that do not appear on your statement in the Outstanding Deposits section at the left. Record the total.

2.  Check off in your checkbook register all checks, withdrawals (including Debit Card and ATM) and automatic payments that appear on your statement.  Withdrawals that are NOT checked  off should be recorded in the Outstanding Withdrawals section at the left.  Record the total.

3.  Enter the ending balance shown on this statement.                                    $_____

4.  Enter the total deposits recorded in the Outstanding Deposits section.        $_____

5.  Total lines 3 and 4.                                                                                 $_____

6.  Enter the total withdrawals recorded in the Outstanding Withdrawals section.   $_____

7.  Subtract line 6 from line 5.  This is your balance.                                   $_____

8.  Enter in your register and subtract from your statement any checks, withdrawals or other debits (including fees, if any)  that appear on your statement but have not been recorded in your register.

9.  Enter in your register and add to your register balance any deposits or other credits (including interest, if any) that appear in your statement but have not been recorded in your register.

10. The balance in your register should be the same as the balance shown in #7.  If it does not match, review and check all figures used, and check the addition and subtraction in your register. If necessary, review and balance your statement from the previous month.

## IMPORTANT DISCLOSURES TO OUR CONSUMER CUSTOMERS

**In Case of Errors or Questions About Your Checking, Savings, ATM, Debit Card, ACH, Bill Pay and Other Electronic Transfers**

If you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt, we must hear from you no later than 60 days* after we sent you the FIRST statement on which the error or problem appeared. Telephone us at the number listed on the front of this statement or write to us at U.S. Bank, EP-MN-WS5D, 60 Livingston Ave., St. Paul, MN 55107.
- Tell us your name and account number.
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.
We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, we may take up to 45 days to investigate your complaint. For errors involving new accounts, point-of-sale, or foreign-initiated transactions, we may take up to 90 days to investigate your complaint. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account.
    *Please note: Paper draft and paper check claims must be disputed within 30 days per Your Deposit Account Agreement.

## IMPORTANT DISCLOSURES TO OUR BUSINESS CUSTOMERS

Errors related to any transaction on a business account will be governed by any agreement between us and/or all applicable rules and regulations governing such transactions, including the rules of the National Automated Clearing House Association (NACHA Rules) as may be amended from time to time.  If you think this statement is wrong, please telephone us at the number listed on the front of this statement immediately.

## CONSUMER BILLING RIGHTS SUMMARY REGARDING YOUR RESERVE LINE

***What To Do If You Think You Find A Mistake on Your Statement***

If you think there is an error on your statement, write to us at:
U.S. Bank, P.O. Box 3528, Oshkosh, WI 54903-3528.
In your letter, give us the following information:
- ***Account information:*** Your name and account number.
- ***Dollar Amount:*** The dollar amount of the suspected error.
- ***Description of problem:*** If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.
You must contact us within 60 days after the error appeared on your statement.
You must notify us of any potential errors *in writing.* You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Reserve Line Balance Computation Method:**  To determine your **Balance Subject to Interest Rate**, use the dates and balances provided in the Reserve Line Balance Summary section. The date next to the first Balance Subject to Interest is day one for that balance and is applicable up to (but not including) the date of the next balance (if there is one). We multiply the Balance Subject to Interest by the number of days it is applicable and add them up to get the same number of days in the billing cycle. We then divide the result by the number of billing days in the cycle. This is your **Balance Subject to Interest Rate**.  Any unpaid interest charges and unpaid fees are not included in the Balance Subject to Interest.  The ***INTEREST CHARGE*** begins from the date of each advance.

## REPORTS TO AND FROM CREDIT BUREAUS FOR RESERVE LINES

We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

## CONSUMER REPORT DISPUTES

We may report information about account activity on consumer and small business deposit accounts and consumer reserve lines to Consumer Reporting Agencies (CRA). As a result, this may prevent you from obtaining services at other financial institutions. If you believe we have inaccurately reported information to a CRA, you may submit a dispute by calling 844.624.8230 or by writing to: U.S. Bank Attn: Consumer Bureau Dispute Handling (CBDH), P.O. Box 3447, Oshkosh, WI 54903-3447. In order for us to assist you with your dispute, you must provide: your name, address and phone number; the account number; the specific information you are disputing; the explanation of why it is incorrect; and any supporting documentation (e.g., affidavit of identity theft), if applicable.



EQUAL HOUSING
LENDER

Member FDIC

Doc 6



ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

Case 21-09016

**Uni-Statement**

Doc 6

Account Number
███████0032

Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 2 of 9



# EASY CHECKING (CONTINUED)

U.S. Bank National Association

Account Number ███████-0032

## Deposits / Credits

| Date | Description of Transaction | | Ref Number | | Amount |
|------|---------------------------|---|-----------|---|--------|
| Jul 7 | Mobile Banking Transfer | From Account ████0057 | Rental surplus from 6th Street | $ | 200.00 |
| Jul 7 | Mobile Banking Transfer | From Account ████0065 | Rental surplus from Sarah Belle | | 300.00 |
| Jul 14 | Deposit | | 8654323062 | State Farm payment | 54.23 |
| Jul 14 | Deposit | | 8654323060 | State Farm payment | 141.75 |
| Jul 14 | Deposit | | 8654323070 | John's UC Pension | 1,484.27 |
| Jul 14 | Deposit | Deposit from 403(b) retirement account | 8654279651 | | 43,000.00 |
| Jul 19 | Mobile Banking Transfer | From Account ████0487 | Rental surplus from Lovell | 150.00 |
| Jul 19 | Debit Purchase Ret - VISA | On 071521 MODESTO CA | Returned Item | 7802009133 | 151.01 |
| | BED BATH & BEYON | REF # 74138291197802009133 US1 | | | |
| Jul 21 | Federal Benefit Deposit | From SSA TREAS 310 | Irene's Social Security payment | | 662.00 |
| | REF=211970120094280N00 | XXSOC SEC 9031736013 7660A S | | | |
| Jul 21 | Federal Benefit Deposit | From SSA TREAS 310 | John's Social Security payment | | 1,666.00 |
| | REF=211970121160790N00 | XXSOC SEC 9031736013 4208A S | | | |
| Jul 23 | Returned Check | Returned Lomary Payment check | 8954307146 | | 24,007.40 |
| Jul 27 | Overdraft Returned Fee | Refund | Bank refund | | 36.00 |
| Jul 27 | Overdraft Paid Fee | Refund | Bank refund | | 36.00 |
| | | **Total Deposits / Credits** | | **$** | **71,888.66** |

## Card Withdrawals

Card Number: xxxx-xxxx-xxxx-6630

| Date | Description of Transaction | | Ref Number | | Amount |
|------|---------------------------|---|-----------|---|--------|
| Jul 1 | Debit Purchase - VISA | On 063021 866-712-7753 CA | 1100066746 | Subscription | 0.99- |
| | APPLE.COM/BILL | REF # 2469216118110006746837 | | | |
| Jul 2 | Debit Purchase - VISA | On 070121 MODESTO CA | 3091912001 | Food | 18.09- |
| | KFC #193 | REF # 2494300118309191201233 | | | |
| Jul 2 | Debit Purchase - VISA | On 070121 MODESTO CA | 3191000132 | Groceries | 129.53- |
| | TRADER JOE'S #00 | REF # 2449398118319100132390 | | | |
| Jul 2 | Debit Purchase - VISA | On 070121 CERES CA | 3091005154 | MISC | 210.75- |
| | WAL-MART #1983 | REF # 2422638118309100515423 | | | |
| Jul 6 | Debit Purchase - VISA | On 070321 MODESTO CA | 5802000167 | MISC | 56.26- |
| | BED BATH & BEYON | REF # 2413829118580200016716 | | | |
| Jul 6 | Debit Purchase - VISA | On 070321 MODESTO CA | 5837001836 | Groceries | 122.87- |
| | SAFEWAY #1661 | REF # 2423168118583700183616 | | | |
| Jul 6 | Debit Purchase - VISA | On 070521 TURLOCK CA | 6091366000 | Veteranarian Pmt | 197.36- |
| | VETERINARY MEDIC | REF # 2480197118609136600005 | | | |
| Jul 8 | Debit Purchase - VISA | On 070721 973-785-4333 NJ | 9286423201 | MISC | 151.01- |
| | BED BATH & BEYON | REF # 2413829118928642320137 | | | |
| Jul 12 | Debit Purchase - VISA | On 071021 209-883-8222 CA | 2837945659 | Utility payment | 262.83- |
| | TURLOCK IRRIGATI | REF # 2423168119283794565979 | | | |
| Jul 13 | Debit Purchase - VISA | On 071121 TURLOCK CA | 3500815799 | Groceries | 110.39- |
| | RALEY S #310 | REF # 2413746119350081579976 | | | |
| Jul 15 | Debit Purchase - VISA | On 071421 HUGHSON CA | 6001244097 | Shipping | 79.05- |
| | USPS PO 05358203 | REF # 2413746119600124409723 | | | |
| Jul 16 | Debit Purchase - VISA | On 071521 CERES CA | 7400292291 | MISC | 156.20- |
| | WAL-MART #1983 | REF # 2444500119740029229149 | | | |
| Jul 19 | Debit Purchase - VISA | On 071621 MODESTO CA | 8091911001 | Food | 23.69- |
| | KFC #193 | REF # 2494300118090191100165 | | | |
| Jul 19 | Debit Purchase - VISA | On 071721 MODESTO CA | 9191000263 | Food | 85.54- |
| | TRADER JOE'S #00 | REF # 2449398119919100026390 | | | |
| Jul 19 | Debit Purchase - VISA | On 071621 MODESTO CA | 8837002043 | Food | 182.11- |
| | SAFEWAY #1661 | REF # 2423168119883700204354 | | | |
| Jul 20 | Debit Purchase - VISA | On 071921 MODESTO CA | 0726697690 | Medication | 150.00- |
| | VALLEY WELLNESS | REF # 2480197120072669769076 | | | |
| Jul 21 | Debit Purchase - VISA | On 072021 MODESTO CA | 2091300000 | Food | 19.37- |
| | KFC #216 | REF # 2494300120209130000071 | | | |
| Jul 21 | Debit Purchase - VISA | On 071921 800-743-5000 CA | 1100988097 | Utility payment | 20.02- |
| | PG&E/EZ-PAY | REF # 2469216120110098809763 | | | |



**U.S. bank.**

ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA  95326-9155

**Uni-Statement**
Account Number 0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 3 of 9

## EASY CHECKING                (CONTINUED)

U.S. Bank National Association

Account Number ▮▮▮-0032

### Card Withdrawals (continued)

Card Number: xxxx-xxxx-xxxx-6630

| Date | Description of Transaction | | Ref Number | | Amount |
|---|---|---|---|---|---|
| Jul 23 | Recurring Debit Purchase<br>VERIZONWRLSS*RTC | On 072221 800-922-0204 FL<br>REF # 24692161203100777570 US1 | 3100777570 | Cell Svc Payment | 164.67- |
| Jul 26 | Debit Purchase - VISA<br>CHEVRON 0090402 | On 072421 MODESTO CA<br>REF # 24692161205100454880414 | 5100454880 | Gas | 15.03- |
| Jul 26 | Debit Purchase - VISA<br>KFC #216 | On 072321 MODESTO CA<br>REF # 24943001205091304001761 | 5091304001 | Food | 23.69- |
| Jul 26 | Debit Purchase - VISA<br>SAFEWAY #1661 | On 072321 MODESTO CA<br>REF # 24231681205837002135321 | 5837002135 | Food | 120.58- |
| Jul 26 | Debit Purchase - VISA<br>AT&T  *PAYMENT | On 072221 800-288-2020 FL<br>REF # 24692161204100262395259 | 4100262395 | Internet/Satellite/<br>landline | 296.93- |
| Jul 28 | Debit Purchase - VISA<br>LOCAL POKE | On 072621 PLEASANTON CA<br>REF # 24551931208030029180227 | 8030029180 | Food | 13.22- |
| Jul 28 | Debit Purchase - VISA<br>SQ *KAISER PERMA | On 072621 San Leandro  CA<br>REF # 24692161208100334270973 | 8100334270 | Medication | 22.93- |
| Jul 30 | Recurring Debit Purchase<br>APPLE.COM/BILL | On 072921 866-712-7753 CA<br>REF # 24692161211100489643 US1 | 1100489643 | Subscription | 0.99- |
| Jul 30 | Debit Purchase - VISA<br>SAFEWAY #1661 | On 072821 MODESTO CA<br>REF # 24231681210837001946010 | 0837001946 | Food | 132.72- |
| | | **Card 6630  Withdrawals Subtotal** | | **$** | **2,766.82-** |

Card Number: xxxx-xxxx-xxxx-6648

| Date | Description of Transaction | | Ref Number | | Amount |
|---|---|---|---|---|---|
| Jul 6 | Debit Purchase - VISA<br>Prime Video*299R | On 070321 888-802-3080 WA<br>REF # 24692161184100513645910 | 4100513645 | Movie Rental | 9.99- |
| Jul 6 | Recurring Debit Purchase<br>EARTHLINK LLC | On 070221 888-327-8454 TX<br>REF # 24692161183100853704 US1 | 3100853704 | Email Subscription | 12.90- |
| Jul 7 | Debit Purchase - VISA<br>KAISER 02090850 | On 070621 MODESTO CA<br>REF # 24431061188207311527937 | 8207311527 | Medication | 20.00- |
| Jul 12 | Debit Purchase - VISA<br>Prime Video*292T | On 070821 888-802-3080 WA<br>REF # 24692161190100650070155 | 0100650070 | Movie Rental | 6.99- |
| Jul 12 | Recurring Debit Purchase<br>WWW.JAZZRADIO.CO | On 071021 HTTPSDI.FM CO<br>REF # 24011341191000022429 US1 | 1000022429 | Subscription | 7.00- |
| Jul 12 | Recurring Debit Purchase<br>Netflix.com | On 071021 netflix.com CA<br>REF # 24906411191125537399 US1 | 1125537399 | Subscription | 17.99- |
| Jul 12 | Debit Purchase - VISA<br>AMAZON.COM*296GC | On 071121 AMZN.COM/BIL WA<br>REF # 24431061193083303913010 | 3083303913 | MISC | 55.10- |
| Jul 13 | Recurring Debit Purchase<br>ADOBE  *800-833- | On 071221 ADOBE.LY/ENU CA<br>REF # 24692161193100162330 US1 | 3100162330 | Subscription | 9.99- |
| Jul 14 | Debit Purchase - VISA<br>AMZN Mktp US*294 | On 071221 Amzn.com/bil WA<br>REF # 24692161194100624727589 | 4100624727 | MISC | 88.40- |
| Jul 15 | Debit Purchase - VISA<br>FEDEX 2814246408 | On 071421 MEMPHIS TN<br>REF # 24164071195741016370972 | 5741016370 | Shipping | 28.66- |
| Jul 15 | Debit Purchase - VISA<br>FEDEX 2814244794 | On 071421 MEMPHIS TN<br>REF # 24164071195741016370931 | 5741016370 | Shipping | 34.80- |
| Jul 15 | Debit Purchase - VISA<br>FEDEX 2814245217 | On 071421 MEMPHIS TN<br>REF # 24164071195741016353218 | 5741016353 | Shipping | 34.80- |
| Jul 15 | Debit Purchase - VISA<br>FEDEX 2814245962 | On 071421 MEMPHIS TN<br>REF # 24164071195741016338052 | 5741016338 | Shipping | 39.60- |
| Jul 15 | Debit Purchase - VISA<br>HOLTORF MEDICAL | On 071321 310-375-2705 CA<br>REF # 24498131195030049521366 | 5030049521 | Medication | 400.00- |
| Jul 16 | Debit Purchase - VISA<br>USF*ASPCA PET IN | On 071521 866-204-6764 OH<br>REF # 24692161196100300430894 | 6100300430 | Dog health Insurance | 183.45- |
| Jul 19 | Recurring Debit Purchase<br>ADOBE  *800-833- | On 071821 ADOBE.LY/ENU CA<br>REF # 24692161199100819899 US1 | 9100819899 | Subscription | 14.99- |
| Jul 21 | Debit Purchase - VISA<br>SEC PUBLIC STG C | On 072021 CERES CA<br>REF # 24275391201019237914641 | 1019237914 | Storage | 290.00- |



**Filed 12/10/21**

ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

**Case 21-09016**

**Uni-Statement**

Account Number
■■■■ 0032

Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 4 of 9

**Doc 6**




# EASY CHECKING (CONTINUED)
U.S. Bank National Association

**Card Withdrawals (continued)**                    Account Number ■■■■-0032

Card Number: xxxx-xxxx-xxxx-6648

| Date | Description of Transaction | | Ref Number | | Amount |
|------|---------------------------|---|-----------|---|--------|
| Jul 26 | Debit Purchase - VISA<br>AMAZON.COM*2E7RG | On 072521 AMZN.COM/BIL WA<br>REF # 244310612060833437041 | 6083343767 | MISC | 16.73- |
| Jul 26 | Debit Purchase - VISA<br>Amazon.com*2E9RS | On 072521 Amzn.com/bil WA<br>REF # 24692161207100394791109 | 7100394791 | MISC | 18.33- |
| Jul 26 | Recurring Debit Purchase<br>J2 EFAX SERVICE | On 072521 323-817-3205 CA<br>REF # 24692161206100267938 US1 | 6100267938 | eFax Subscription | 19.95- |
| Jul 27 | Debit Purchase - VISA<br>KAISER 0207092 | On 072621 SAN LEANDRO CA<br>REF # 244310612082863485699993 | 8286348569 | Co-pay | 20.00- |
| Jul 27 | Debit Purchase - VISA<br>AMZN Mkt US*2E0 | On 072621 Amzn.com/bil WA<br>REF # 24692161207100687457012 | 7100687457 | MISC | 234.82- |
| Jul 28 | Debit Purchase - VISA<br>LIFESTATION INC | On 072721 UNION NJ<br>REF # 24445001208200090779320 | 8200090779 | Monthly service | 21.95- |
| Jul 28 | Debit Purchase - VISA<br>AMZN Mkt US*2E3 | On 072721 Amzn.com/bil WA<br>REF # 24692161208100460034359 | 8100460034 | MISC | 27.28- |
| Jul 29 | Recurring Debit Purchase<br>PROPERTYRADAR.CO | On 072821 HTTPSPROPERT CA<br>REF # 24011341209000031292 US1 | 9000031292 | Subscription | 79.00- |
| Jul 30 | Debit Purchase - VISA<br>Amazon.com*2P8I7 | On 072921 Amzn.com/bil WA<br>REF # 24692161210100250356786 | 0100250356 | MISC | 15.86- |

|  |  |  |
|---|---|---|
| Card 6648 Withdrawals Subtotal | $ | 1,708.58- |
| Total Card Withdrawals | $ | 4,475.40- |

**Other Withdrawals**

| Date | Description of Transaction | | Ref Number | | Amount |
|------|---------------------------|---|-----------|---|--------|
| Jul 14 | Customer Withdrawal | Walking around money | 8654323069 | $ | 150.00- |
| Jul 23 | Overdraft Returned Fee | Bank fee | 8954307146 | | 36.00- |
| Jul 23 | Overdraft Paid Fee | Bank fee | 8953031187 | | 36.00- |
| Jul 23 | Electronic Withdrawal<br>REF=212030075415550N00 | To Nationstar dba<br>9200503036Mr Cooper 0600322770 | | Mortgage Payment | 3,133.60- |
| Jul 28 | Electronic Withdrawal<br>REF=212080117468830N00 | To STATE FARM RO 27<br>SFPP 9000307001 | Insurance Payment | | 251.46- |

|  |  |  |
|---|---|---|
| Total Other Withdrawals | $ | 3,607.06- |

|  | Total for Statement Period | Total Year to Date |
|---|---|---|
| Total Returned Item Fees | $ 36.00 | $ 36.00 |
| Total Overdraft Fees | $ 36.00 | $ 36.00 |
| Less: Refunds* | | $ 72.00- |
| TOTAL | $ 72.00 | $ 0.00 |

*A "refund" is a non-automated credit applied to your account at any time.*

*\*Refunds are only reported under "Year To Date" because refunds that are processed in the current period may be related to fees originally assessed in a prior period.*

# Checks Presented Conventionally

| Check | Date | Ref Number | | Amount | | Check | Date | Ref Number | | Amount |
|-------|------|-----------|---|--------|---|-------|------|-----------|---|--------|
| 0107 | Jul 14 | 8654742201 | Persolve Lien Pmt | 2,676.75 | | 0118 | Jul 22 | 8953031187 | City of Hughson WSG | 201.64 |
| 0108 | Jul 19 | 8057321721 | Merrit Lien Pmt | 87.18 | | 0119 | Jul 23 | 9254549518 | Arrears Mortgage pmt | 500.00 |
| 0111* | Jul 20 | 8356496661 | Amex Lien Pmt | 131.55 | | 0120 | Jul 23 | 9254549517 | Escrow shortage pmt | 28.53 |
| 0113* | Jul 22 | 8954307146 | Lomary Lien Pmt | 24,007.40 | | 0121 | Jul 28 | 8653782430 | HELOC pmt | 336.53 |
| 0113* | Jul 26 | 8057128618 | Lomary Lien Pmt | 24,007.40 | | 0122 | Jul 27 | 8355426990 | Trustee PMT | 250.00 |
| 0117* | Jul 20 | 8356496662 | Amex Lien Pmt | 648.91 | | | | | | |

| * Gap in check sequence | | Conventional Checks Paid (11) | $ | 52,875.89- |
|---|---|---|---|---|



ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

**Uni-Statement**
Account Number
█████ 0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 5 of 9

# EASY CHECKING                               (CONTINUED)

U.S. Bank National Association

**Account Number** █████-0032

## Checks Presented Electronically

| Check | Date | Ref Number | Amount | Description of Transaction | | Payee |
|-------|------|------------|--------|---------------------------|--|-------|
| 0106 | Jul 14 | | 74.99 | CHECKPMT | Backup Internet Service | CHARTER |

**Electronic Checks Paid (1)**  $  74.99-

**Total Checks Paid**  $  52,950.88-

## Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|----------------|------|----------------|------|----------------|
| Jul 1 | 3,056.51 | Jul 14 | 43,847.57 | Jul 23 | 39,766.22 |
| Jul 2 | 2,698.14 | Jul 15 | 43,230.66 | Jul 26 | 15,247.58 |
| Jul 6 | 2,298.76 | Jul 16 | 42,891.01 | Jul 27 | 14,814.76 |
| Jul 7 | 2,778.76 | Jul 19 | 42,798.51 | Jul 28 | 14,141.39 |
| Jul 8 | 2,627.75 | Jul 20 | 41,868.05 | Jul 29 | 14,062.39 |
| Jul 12 | 2,277.84 | Jul 21 | 43,866.66 | Jul 30 | 13,912.82 |
| Jul 13 | 2,157.46 | Jul 22 | 19,657.62 | | |

Balances only appear for days reflecting change.



usbank

ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA 95326-9155

**Uni-Statement**
Account Number:
[redacted] 0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

## IMAGES FOR YOUR EASY CHECKING ACCOUNT

*Member FDIC*
**Account Number [redacted]-0032**

usbank Deposit Ticket
7/14/21 1:29 PM PDT
YAP, JOHN H
Deposit Total: $ 54.23
560210039 [redacted]0032

000[redacted]00320021 USB >091000022<
07142021 01:29 PM PDT 0[redacted]00002

0000 Jul 14 54.23

usbank Deposit Ticket
7/14/21 1:31 PM PDT
YAP, JOHN H
Deposit Total: $ 141.75
560210039 [redacted]0032

000387[redacted]0320021 USB >091000022<
07142021 01:31 PM PDT 0021004900002

0000 Jul 14 141.75

usbank Deposit Ticket
7/14/21 1:29 PM PDT
YAP, JOHN H
Deposit Total: $ 1,484.27
560210039 [redacted]0032

[redacted]320021 USB >091000022<
07142021 01:29 PM PDT 0021004500002

0000 Jul 14 1,484.27

usbank. COUNTER DEPOSIT
ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION DATE 7-14-21
BANKRUPTCY CASE #2090210
ACCOUNT TITLE (PRINT)
SIGN ABOVE FOR CASH RECEIVED
ACCOUNT NUMBER [redacted]0032
CASH >
CHECK 43 000.00
CHECK OR TOTAL FROM OTHER SIDE >
SUB TOTAL >
LESS CASH RECEIVED >
$ 43 000.00
ALL ITEMS ARE ACCEPTED SUBJECT TO OUR RULES AND REGULATIONS APPLICABLE TO THIS ACCOUNT
HARLAND CLARKE
⑆560210039⑆

07142021 01:25 PM PDT 002100401
00[redacted]00320021 USB >091000022<
07142021 01:25 PM PDT 0021004000001
CENTS DOLLARS CHECKS

0000 Jul 14 43,000.00

















Filed 12/10/21  Doc 6

ESTATE OF JOHN H YAP
IRENE L LOKE          Case 21-09016
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA  95326-9155

**Uni-Statement**
Account Number
████████0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 7 of 9

# IMAGES FOR YOUR EASY CHECKING ACCOUNT          (CONTINUED)

Account Number  ████████-0032

| | |
|---|---|
| JOHN H YAP / IRENE L LOKE — check 113 — Pay to the order of LOMAREY, INC. — $24,007.40 — Twenty Four Thousand Seven & 40/100 Dollars — signed John Yap | >121102036< Mechanics Bk #1380 2021-07-22 0380377071 Batch 128128621 |
| **0113** — Jul 23 — 24,007.40 | |
| JOHN H YAP / IRENE L LOKE — check 107 — Pay to the order of PERSOLVE — $2,676.75 — Two Thousand Six Hundred Seventy Six & 75/100 Dollars — Memo 57-719 — signed John Yap | 07142021 04:12 PM PDT 0002007824 PERSOLVE LEGAL GROUP LLP |
| **0107** — Jul 14 — 2,676.75 | |
| JOHN H YAP / IRENE L LOKE — check 108 — Pay to the order of MERRICK BANK — $87.18 — Eighty Seven & 18/100 Dollars — signed John Yap | 7/16/2021 11:25 00550511 |
| **0108** — Jul 19 — 87.18 | |
| JOHN H YAP / IRENE L LOKE — check 111 — Pay to the order of AMERICAN EXPRESS NATIONAL BANK — $131.55 — One Hundred Thirty One & 55/100 Dollars — signed John Yap | BECKET AND LEE LLP FOR DEPOSIT ONLY |
| **0111*** — Jul 20 — 131.55 | |

\* Gap in check sequence



ESTATE OF JOHN H YAP
IRENE L LOKE
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA  95326-9155

**Uni-Statement**
Account Number
■■■■■0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

Page 8 of 9



# IMAGES FOR YOUR EASY CHECKING ACCOUNT    (CONTINUED)

Account Number    ■■■■-0032



0113*              Jul 26              24,007.40



0117*              Jul 20              648.91



0118               Jul 22              201.64



0119               Jul 23              500.00

* Gap in check sequence


ESTATE OF JOHN H YAP
IRENE L LOKE    Case 21-09016
DEBTOR IN POSSESSION
BANKRUPTCY CASE #2090210
7400 CHANTILLY WAY
HUGHSON CA  95326-9155

Account Number
■■■■■■■ 0032
Statement Period:
Jul 1, 2021
through
Jul 31, 2021

# IMAGES FOR YOUR EASY CHECKING ACCOUNT    (CONTINUED)

Account Number    ■■■■■■-0032

| | | |
|---|---|---|
| 0120 | Jul 23 | 28.53 |
| 0121 | Jul 28 | 336.53 |
| 0122 | Jul 27 | 250.00 |
| 58476810* | Jul 14 | 150.00 |

**Withdrawal**

7/14/21 1:33 PM PDT

YAP, JOHN H

Withdrawal Total: $ 150.00

* Gap in check sequence



JOHN H YAP
IRENE L LOKE
7400 CHANTILLY WAY
HUGHSON, CA 95326-9155

CH. 11 CASE #20-90210    90-2267/1211                113
YAP SSN ███████-4208
LOKE SSN ████████-7660    Date 7-13-21    PMP

PAY TO THE ORDER OF  LOMAREY, INC.              $ 24,007.40
TWENTY FOUR THOUSAND SEVEN & 40/XX    Dollars ← Heat Reactive Ink

us bank

Memo _____            John Yap    MP

⑆121122676⑆ ████████0032⑈0113

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

**LIEN PAYMENT**



JOHN H YAP
IRENE L LOKE
7400 CHANTILLY WAY
HUGHSON, CA 95326-9155

CH. 11 CASE #20-90210    90-2267/1211                114
YAP SSN ███████-4208
LOKE SSN ████████-7660    Date 7-13-21

PAY TO THE ORDER OF  NATIONAL CITY BANK          $ 7747.50
SEVEN THOUSAND SEVEN HUNDRED FOURTY SEVEN & 50/XX    Dollars ← Heat Reactive Ink

us bank

Memo _____            John Yap    MP

⑆121122676⑆ ████████0032⑈0114

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

**LIEN PAYMENT**

JOHN H YAP
IRENE L LOKE
7400 CHANTILLY WAY
HUGHSON, CA 95326-9155

CH. 11 CASE #20-90210    90-2267/1211                112
YAP SSN ███████4208
LOKE SSN ████████-7660    Date 7-13-21    PMP

PAY TO THE ORDER OF  CIT BANK, NATIONAL ASSOCIATION    $ 6557.60
SIX THOUSAND FIVE HUNDRED FIFTY SEVEN & 60/XX    Dollars ← Heat Reactive Ink

us bank

Memo _____            John Yap    MP

⑆121122676⑆ ████████0032⑈0112

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

**LIEN PAYMENT**



**JOHN H YAP**
**IRENE L LOKE**
7400 CHANTILLY WAY
HUGHSON, CA  95326-9155

90-2267/1211

107

CH.11 CASE # 20-90210
YAP SSN ██████-4208
LOKE SSN ██████-7660

Date  7-13-21

PAY TO THE
ORDER OF  PERSOLVE                                    $ 2676.75

Two Thousand Six Hundred Seventy Six & 75/XX  Dollars

← Heat Reactive Ink

**us bank.**

Memo

John YAP

⑆121122676⑆ ████████ 0032⑈0107

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

LIEN PAYMENT

---

**JOHN H YAP**
**IRENE L LOKE**
7400 CHANTILLY WAY
HUGHSON, CA  95326-9155

CH.11 CASE # 20-90210
YAP SSN ██████-4208
LOKE SSN ██████-660

90-2267/1211

108

Date  7-13-21

PAY TO THE
ORDER OF  MERRICK BANK                              $ 87.18

EIGHTY SEVEN & 18/XX  Dollars

← Heat Reactive Ink

**us bank.**

Memo

John Yap

⑆121122676⑆ ████████ 0032⑈0108

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

LIEN PAYMENT



JOHN H YAP
IRENE L LOKE
7400 CHANTILLY WAY
HUGHSON, CA 95326-9155

CH. 11 CASE #20-90210    90-2267/1211    117
YAP SSN ████ -4208
LORE SSN ████ -7660    Date 7-13-21    PMP

PAY TO THE
ORDER OF  AMERICAN EXPRESS NATIONAL BANK    $ 648.91

Six Hundred Fourty Eight $ 91/XX    Dollars    ← Heat Reactive Ink

us bank.

Memo _____    John Yap    MP

⑆121122676⑆ ████ 003 2⑈0 117

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

LIEN PAYMENT



JOHN H YAP
IRENE L LOKE
7400 CHANTILLY WAY
HUGHSON, CA 95326-9155

CH. 11 CASE #20-90210    90-2267/1211    111
YAP SSN ████ 4208
LOKE SSN ████ -7660    Date 7-13-21    PMP

PAY TO THE
ORDER OF  AMERICAN EXPRESS NATIONAL BANK    $ 131.55

ONE Hundred Thirty ONE $ 55/XX    Dollars    ← Heat Reactive Ink

us bank.

Memo _____    John Yap    MP

⑆121122676⑆ ████ 003 2⑈0 111

LOOK FOR FRAUD-DETERRING FEATURES INCLUDING THE SECURITY SQUARE AND HEAT-REACTIVE INK. DETAILS ON BACK.

LIEN PAYMENT